Filed 5/22/14  Marriage of Pittluck and Mimran CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re Marriage of IAN JOSEPH PITTLUCK and RONI YAFIT MIMRAN. | B248057 |
| | (Los Angeles County Super. Ct. No. SD029726) |
| RONI YAFIT MIMRAN, Appellant, v. IAN JOSEPH PITTLUCK, Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, David J. Cowan, Commissioner.  Affirmed.

Roni Yafit Mimran, in pro. per., for Respondent and Appellant.

Ian Joseph Pittluck, in pro. per., for Petitioner and Respondent.

———————————

## SUMMARY

Roni Yafit Mimran (Mimran) appeals from a postjudgment family law order denying her request to modify a child custody order. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

It is not possible to provide a thorough overview of the background of this action given the scant appellate record. We have discerned the following facts from the 37-page clerk's transcript which, together with a few agreed-upon facts in the parties' briefs, and the reporter's transcript,[1] form the appellate record. Mimran and respondent Ian Joseph Pittluck (Pittluck) were married in early 2010. Their son, Benjamin, was born in March 2011. The couple separated soon thereafter, and Pittluck filed this action for dissolution on June 15, 2011.

*March 6, 2012 hearing*

When Pittluck decided to move from Los Angeles to Orange County because he obtained a new, better job, he apparently sought a modification of the then existing custodial order, and sought primary custody of Benjamin (approximately 70 per cent), as recommended by Dr. Cohen's evaluation. After a three-day hearing, and after considering the evidence and argument by the parties' counsel, the court appears to have rejected many of Dr. Cohen's recommendations.[2] The court denied Pittluck's request to change Benjamin's primary place of residence from Los Angeles. The trial court did

---

[1] The Reporter's Transcript contains: (1) the parties' March 6, 2012 closing arguments regarding recommendations in an evaluation performed by Dr. Renee Cohen, apparently related to issues regarding child custody and support, and Pittluck's "move away" request due to his new job, in light of the parties' shared joint physical custody order; (2) a January 30, 2013 hearing on an ex parte application filed by Mimran; and (3) the February 19, 2013 hearing on Mimran's request for relief from custodial orders and seeking a second evaluation.

[2] Dr. Cohen's evaluation is not part of the record. We can only glean its ostensible purpose and her recommendations from statements made by counsel and the court at the close of the three-day hearing. (Mimran and Pittluck were each represented by counsel at the hearing.

adopt at least two of Dr. Cohen's recommendations: it ordered Mimran to undergo 50 sessions with a therapist, to assist her ability to parent and co-parent, help her with "attunement," and with relating to Pittluck and recognizing the role he played in Benjamin's life. The court also ordered the parents to attend coparenting classes. It appears that the court also established a visitation schedule, and made orders regarding the parents' respective duties to transport Benjamin to and from one another's homes. The record lacks specifics on those points.

*January 30, 2013 Ex Parte Hearing*

Judgment was entered on August 28, 2012. The terms and conditions of the judgment are not included in the appellate record. Whatever those terms, it is clear that Mimran was unhappy with the trial court's custodial orders, particularly as to the parents' respective obligations to transport Benjamin. On January 18, 2013, she filed a request for relief from the court's order regarding transportation issues, and sought an order for a second evaluation.

On January 24, 2013, Mimran filed an ex parte application requesting emergency relief from the order requiring her to participate in transporting Benjamin to or from exchanges with Pittluck. She claimed that as a result of a collision with an uninsured motorist on January 22nd which ruined her car, she lacked a means—and thus should be relieved of the obligation—to transport Benjamin to or from visits with his father. Mimran also attempted again to address her concerns with the custody order and the court's approval of Pittluck's move-away motion. The court refused to revisit the latter rulings. Pittluck proposed, and the court adopted, a custodial schedule which was essentially a 50/50 split, but which required only two transitions per week for Benjamin. In addition, Pittluck agreed to provide all transportation for Benjamin for the next few weeks while Mimran lacked a car, until the court issued its ruling on Mimran's pending motion to modify the transportation order.

*February 19, 2013 hearing*

Mimran's request for relief from the court's transportation order and for a second evaluation was argued on February 19, 2013. The court again refused to order another

evaluation. The court observed that the judgment was fewer than six months old, and that Mimran had yet to comply with its order to obtain counseling. The court observed that Mimran had engaged in "bringing frivolous proceedings before the court," and it was "not going to waste [its] time or the party's time with another whole exercise when there's been an extensive contested hearing already in this case." It refused to give Mimran "a second bite at the apple when there's been no change in the circumstances warranting it."

With regard to the transportation order, the court refused Mimran's request to be relieved of the obligation to transport Benjamin to or from his visits with Pittluck. It noted that both parents had apparently now begun to experience car problems. Further, given the fact that the child's transitions between households had been reduced to two per week, it was fair to require each parent to make one trip per week. The court rejected Mimran's argument that she could not afford to buy a safe car and was afraid to travel on the 405 freeway. It was also not persuaded by Mimran's argument that it was not in Benjamin's best interests to be transported by bus or on the Metro as it cut into the amount of time his pediatrician recommended that he sleep, or that it was unsafe for Mimran to travel to Pittluck's Long Beach neighborhood to receive or drop off Benjamin. The court modified the Friday evening drop-off schedule to accommodate Mimran's religious practices. In all other respects, the custodial order remained unchanged. Mimran filed a notice of appeal on April 5, 2013.

## DISCUSSION

It is virtually impossible to discern the substance of Mimran's assertions of legal error on appeal from her exceedingly lengthy and largely incoherent briefs. Her opening and reply briefs fail to cite properly to the record. We would be justified in striking the briefs or treating issues therein as waived.[3]

---

[3] *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 ["If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived."]; *People v.*

4

It is Mimran's duty, as appellant, to affirmatively demonstrate error by citation to the record and any supporting authority. "[R]eview is limited to issues which have been adequately raised and briefed. [Citations.]" (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.) "Appealed judgments and orders are presumed correct, and error must be affirmatively shown. [Citation.]" (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) As appellant, Mimran has the burden to provide an adequate and accurate appellate record to demonstrate error. Without an adequate record, "we cannot review the basis of the court's decision." (*Ibid.*)

The record presented by Mimran is wholly inadequate. It consists solely of the register of actions, a minute order, notice of appeal and proof of service, notices designating the appellate record and the reporter's transcript. Mimran failed to provide this court with the August 2012 judgment, any subsequent orders (apart from the February 19, 2013 ruling), or any document filed by either side in connection with the matters at issue. Without a proper record of the proceedings below, especially motions and supporting evidence, we cannot conduct an adequate review. (Cal. Rules of Court, rules 8.120–8.122; see *Advanced Choices, Inc. v. State Dept. of Health Services* (2010) 182 Cal.App.4th 1661, 1670 [appellate court must ignore issues requiring review of documents not provided by appellant]; cf., *Estate of Fain* (1999) 75 Cal.App.4th 973, 987 [insufficient oral record].)[4]

---

*Stanley* (1995) 10 Cal.4th 764, 793 ["'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.'" (Italics omitted.)].

[4] That Mimran is self-represented does not exempt her from these procedural requirements. "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) A self-represented litigant is not entitled to lenient treatment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

Even on the merits Mimran's arguments, to the extent they can be discerned, lack substance. First, only those matters in the February 2013 hearing from which Mimran appealed may be considered. The time for appeal from the August 28, 2012 family law judgment expired long before Mimran filed the April 5, 2013 notice of appeal. (See Cal. Rules of Court, rule 8.104.)

The primary issue arising from the hearing on February 19, 2013, was the trial court's refusal to release Mimran from the obligation to participate equally in transporting Benjamin to or from visits with his father. The general standard for appellate review of custody and visitation orders is the deferential abuse of discretion test. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32 (*Burgess*); *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.) A trial court abuses its discretion "if there is no reasonable basis upon which the trial court could conclude that its decision advanced the best interests of the child." (*In re Marriage of Melville* (2004) 122 Cal.App.4th 601, 611; *Burgess*, at p. 32.) "The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child." (*Burgess*, at p. 32.)

Mimran has shown no abuse of discretion with regard to the trial court's refusal to relieve her from the obligation to share the responsibility of transporting Benjamin. Although Mimran claimed she could not afford to buy another car after hers was totaled, she acknowledged that she was able to borrow friends' cars on occasion. Moreover, Mimran conceded that her insurance policy provided her $3,500 to cover the loss of her car, but claimed that money was committed to another purpose and, in any event, was insufficient to buy a car safe enough to travel Los Angeles freeways, on which she was afraid to drive. The trial court rejected that argument, as it had before, observing that "freeways . . . are a fact of life in Los Angeles." Finally, the court noted that given that both parents were apparently experiencing car problems, if Mimran chose not to buy another car, it was not unreasonable to require her to borrow or rent a car, or to use public transportation once each week in order to comply with her obligation to transport Benjamin to or from his visits with his father. On this record, we find no reasonable

6

basis on which to conclude that Mimran has shown the court's decision failed to advance the child's best interests. (*In re Marriage of Melville*, *supra*, 122 Cal.App.4th at p. 611; *Burgess*, *supra*, 13 Cal.4th at p. 32.)

Mimran also takes issue with the trial court's refusal to order a second evaluation. She was apparently dissatisfied with the evaluation performed by Dr. Cohen, an evaluator chosen by her counsel. In response to Mimran's request for a reevaluation of the custodial arrangement, the court observed that it had already held a lengthy hearing addressed to the evaluation. After the hearing, the court had agreed with Mimran on several points, rejecting a number of Dr. Cohen's recommendations. However, it found that some of Dr. Cohen's recommendations did advance Benjamin's best interests. To that end, it ordered Mimran to undergo counseling sessions and to take coparenting classes. To date, Mimran had not yet fully complied with those orders and, apart from the loss of her car, had shown no change of circumstances. Absent a showing of changed circumstances, Mimran has failed to demonstrate that there was "no reasonable basis upon which the court could conclude that its decision advanced the best interests of the child." (*In re Marriage of Melville*, *supra*, 122 Cal.App.4th at p. 611.) Mimran has shown no abuse of discretion.

**DISPOSITION**

The judgment is affirmed.  Respondent is to recover costs on appeal.

NOT TO BE PUBLISHED.


                                        JOHNSON, J.


We concur:


            ROTHSCHILD, Acting P. J.


            MILLER, J.*

---

        * Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.